```
IN THE UNITED STATES DISTRICT COURT
  FOR THE SOUTHERN DISTRICT OF ALABAMA
            SOUTHERN DIVISION
```

PAUL EUGENE BAILEY,              *
(AIS # 171480),                  *
                                 *
      Petitioner,                *
                                 * CIVIL ACTION NO:11-00335-CG-B
vs.                              *
                                 *
LEON FORNISS,                    *
                                 *
      Respondent.

## REPORT AND RECOMMENDATION

Paul Eugene Bailey, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004). Upon careful consideration, it is recommended that Bailey's habeas petition be dismissed as barred by the statute of limitations and that the Court find that he is not entitled to a certificate of appealability, and consequently, is not entitled to appeal *in forma pauperis*.

## I. BACKGROUND

Bailey was indicted in the Circuit Court of Mobile County on March 21, 1995 for attempted kidnapping first-degree (case number CC1995-716) and robbery first-degree (case number CC-1995-717). (Docs. 11-1, 2). Bailey was convicted of second degree kidnapping and first-degree robbery, and received sentences of life and life without parole, respectively. (Docs. 11-3, 5 at 4). Bailey's convictions and sentences were affirmed on direct appeal, and he filed several Rule 32 petitions that were denied by the state courts. (Doc. 11-6). On October 19, 2001, Bailey filed his first federal habeas petition with this Court. Bailey v. Jones, C.A. 01-00760-BH-M. While Bailey's federal habeas petition was pending, the Alabama Court of Criminal Appeals vacated his conviction for second degree kidnapping[1]. (Docs. 11-6 at 3; 11-12 at 3). Subsequent thereto, Bailey's federal habeas petition was dismissed after the Court determined that the claims raised regarding Bailey's robbery conviction and sentence were procedurally barred. Bailey v. Jones, C.A. 01-00760-BH-M. (Docs. 11-12, 11-13).

Bailey petitioned the state court to reconsider his robbery sentence, and on May 1, 2008, his motion was granted, and his

---

[1] Subsequent thereto, the Circuit Court of Mobile County, on October 30, 2003, vacated Bailey's conviction and second degree kidnapping and dismissed the indictment charging attempted first degree kidnapping. (Doc. 11-7).

sentence was modified from life without parole to life imprisonment. (Doc. 11-5 at 10). Bailey did not file a direct appeal of his sentence; however, on July 21, 2009, he filed his eighth Rule 32 petition with the state court challenging his convictions. (Docs. 11-5 at 30; 11-6 at 3-4). The trial court held that Bailey's Rule 32 petition was "time-barred on its face and because Petitioner [] failed to assert equitable tolling, his petition should be summarily dismissed." The court also held that Bailey's claims were successive and, therefore, precluded. (Id., at 4). The Court of Criminal Appeals affirmed the Circuit Court's ruling. (Doc. 11-8 at 5). The Alabama Supreme Court denied Bailey's writ of certiorari on March 4, 2011, and issued a certificate of judgment. (Doc. 11-9).

Bailey filed the instant habeas petition with this Court on June 20, 2011, and raised the following claims: (1) trial court failed to charge the essential elements of the offenses in the indictments consolidated for trial, (2) trial court constructively amended the consolidated indictments and charged Bailey with greater offenses than those charged by the grand jury in the original indictment.[2] (Doc. 1 at 7). Bailey also asserted

---

[2] Although the Clerk stamped the petition as received on June 23, 2011, the law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 271-271, 108 S. Ct. 2379, 101 L. Ed. 2d 245(1988); Adams v. United States, 173 F. 3d 1339,

a claim of actual innocence. (Docs. 25, 26). Respondent answered the petition and asserted that it should be dismissed as a successive petition. (Doc. 11). At the Court's direction, the parties submitted briefs regarding the effect of Magwood v. Patterson, 561 U.S. 320, 130 S. Ct. 2788, 177 L. Ed. 2d 592 (2010) on the instant petition. Bailey reiterated his claims in response to the Court's order, and Respondent argued that Magwood was inapplicable to the case, that even if the petition was not successive, it should nevertheless be dismissed because it was time-barred, and the issues raised were procedurally defaulted.

## II. LAW & ANALYSIS

### A. Successive Petition

The first issue before the Court is whether or not Bailey's second-in-time federal habeas petition is a second or successive petition. "Before a second or successive application permitted by [§ 2244] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). If Bailey's filing is deemed successive, it must be dismissed due to his failure to acquire authorization prior to filing this his second petition with this Court. See 28 U.S.C. § 2244.

In Magwood v. Patterson, the Supreme Court decided whether a

---

1340-41 (11th Cir. 1999).

habeas petition challenging a state prisoner's sentence after an intervening resentencing was "second or successive." 561 U.S. 320. The Court held that "where...there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not second or successive." Id., 561 U.S. at 341-42 (citation and internal quotation marks omitted). The court explained that § 2244(b)'s prohibition on "second or successive" petitions only applies to petitions challenging the same judgment, and since Magwood's petition was his "first application challenging [an] intervening judgment," it was not "second or successive". (internal quotation and citations omitted). The Supreme Court expressly reserved for another day the question of whether a subsequent petition challenging an undisturbed conviction would be "second or successive" after the state imposes only a new sentence. Id., 561 U.S. at 342.

While the Supreme Court left open this question, a panel of the Eleventh Circuit recently addressed this very issue in Insignares v. Secretary, Florida Department of Correction, 2014 U.S. App. LEXIS 11788, 2014 WL 2809410 (11th Cir. June 23, 2014). In Insignares, the Court concluded that "when a habeas petition is the first to challenge a new judgment, it is not "second or successive," regardless of whether its claims challenge the sentence or the underlying conviction." Id. In reaching this

holding, the Court explained that there is only one judgment and it is comprised of both the sentence and the conviction, and that "the AEDPA statute of limitations runs from the date the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction and sentence becomes final." Id. (citing Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1288 (11th Cir. 2007)).

Given the Magwood and Insignares' decision, it is clear that Bailey's new sentence rendered on May 1, 2008 constituted a new judgment, and Bailey's instant petition is his first federal challenge to that 2008 judgment. Therefore, this petition is not "second or successive", and is thus properly before the Court.

Although Bailey's petition does not run afoul of AEDPA's restrictions on "second or successive" petitions, AEDPA's other restrictions still apply. Pursuant to 28 U.S.C. § 2244 (d)(1), a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of:
>
> > (A) the date on which the judgment became final by the conclusion of

direct review or the expiration of the
time for seeking such review;

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

Under the statute, the one year limitation period for filing a 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. If a petitioner preserves his right to file a writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety day period in which such action may be undertaken. Coates v. Byrd, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by conclusion of direct review or by the expiration of the time for

seeking such review,'  see 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment (conviction and sentence) becomes final under 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. Id.; see also Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006) (the Supreme Court requires petitioners to seek review in the state's highest court before filing a petition for certiorari).

In this case, Bailey does not allege and there is no evidence that following Bailey's resentencing on May 1, 2008, he sought a direct appeal of his sentence. Since he failed to undertake the direct appeal of his new sentence, he could not petition the United States Supreme Court for review of his sentence. Thus, by operation of the law, the challenged judgment became final on June 12, 2008, forty-two days after imposition of his new sentence as this is the date on which his time to seek direct review expired. Rule 4(b)(1), Alabama Rules of Appellate Procedure (notice of appeal must be filed within 42 days of the date of entry of the appealed judgment); Hunter v. Ferrell, 587 F.3d 1304, 1306 (11th Cir. 2009) (Petitioner "did not appeal his [Alabama] convictions, which became final when the time for filing a direct appeal expired."). Accordingly,

9

the one year period of limitation contained in sec. 2244(d)(1)(A) began to run on June 13, 2008[3].

U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section); see also In Re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). As noted, following his resentencing on May 1, 2008, Bailey did not file a direct appeal, but filed another Rule 32 petition (his Eighth) with the state Court on July 21, 2009. However, by the time Bailey filed this petition, the limitations period had already expired[4]. "[E]ven 'properly filed' state court-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.") Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000); see also Tinker v. Moore, 255 F.3d 1331, 1335. n.4 (11th

---

[3] In computing the federal period of limitation, "exclude the day of the event that triggers the period[.]" Fed. R. Civ. P. 6(a)(1)(A).

[4] The limitations period commenced on June 12, 2008, and absent a tolling event, expired on June 11, 2009.

Cir. 2001)("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004)("While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.") (citation omitted). Bailey's July 21, 2009 Rule 32 petition had no tolling effect as it was not pending during the limitations period[5]. Thus, his federal habeas petition was untimely filed.

Before recommending the dismissal of Bailey's petition for habeas relief, the undersigned must determine whether he has pled extraordinary circumstances that require a contrary conclusion. The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandivik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)], Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin

---

[5] In his supplemental answer, the Respondent asserts that Bailey's eighth Rule 32 petition was filed on May 26, 2009. Although this assertion is contradicted by the record, Bailey's petition would still be untimely because assuming *arguendo* that the May 26th date was correct, only 33 days would have remained in the limitations period by the time the petition was filed, yet Bailey waited nearly three months after the issuance of the Alabama Supreme Court's certificate of judgment denying his Rule 32 petition before filing his habeas petition with this Court.

11

v. Dept. of Veterans Affairs, 498 U.S. 89, 96, 111 S.
Ct. 453, 112 L. Ed. 2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). See also Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 618-19 (3rd Cir. 1998) ("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair'"). The burden firmly rests with the petitioner to establish that he is entitled to the benefit of this extraordinary remedy. Blankenship v. Hall, 542 F.3d 1253, 1270 (11th Cir. 2008); Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002). The circumstances of Bailey's case fail to demonstrate that he is entitled to the equitable tolling of the AEDPA's statutory limitations period.

"In order to be entitled to the benefit of equitable tolling, a petitioner must act with diligence, and the untimeliness of the filing must be the result of circumstances beyond his control." Drew, 297 at 1286-87. Upon review, the undersigned finds that the record is devoid of any evidence that demonstrates extraordinary circumstances beyond Bailey's control that made it impossible for him to have complied with AEDPA's statute of limitation and timely filed this action. Thus, he is not entitled to equitable tolling of the limitations period.

12

Further, while Bailey has asserted that "newly discovered evidence establishes that [he] is actually innocent" of the offenses, he has not proffered any facts nor evidence in support of his assertion. (Doc. 25 at 3). The Supreme Court provided guidance on the role of federal courts in resolving actual innocence claims on habeas review in Herrera v. Collins, 506 U.S. 390, 416-417, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993). The court stated:

> In state criminal proceedings the trial is the paramount event for determining the guilt or innocence of the defendant. Federal habeas review of state convictions has traditionally been limited to claims of constitutional violations occurring in the course of the underlying state criminal proceedings. Our federal habeas cases have treated claims of 'actual innocence,' not as an independent constitutional claim, but as a basis upon which a habeas petitioner may have an independent constitutional claim considered on the merits, even though his habeas petition would otherwise be regarded as [untimely,] successive or abusive.

Id.; see also House, 547 U.S. at 518 (discussing untimeliness).

However, "[n]either the Supreme Court nor [the Eleventh Circuit] has ever held that the Constitution requires an actual innocence exception to the AEDPA's one-year limitations period." Melson v. Allen, 548 F.3d 993, 1002 (11th Cir. 2008), vacated on other grounds by Melson v. Allen, 130 S. Ct. 3491, 177 L. Ed. 2d 1081 (2010) (citing Johnson v. Florida Dep't of Corr., 513 F.3d 1328, 1333 (11th Cir. 2008) ("To date, this Court has avoided this constitutional issue because no time-barred petitioner has

made the requisite actual-innocence showing.")).  In addition, before a court considers whether to reach the merits of a petitioner's habeas claim, "the petitioner must first make a sufficient showing of actual innocence." Melson, 548 F.3d at 1002.  To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995); see also id., 513 U.S. at 327 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.").  In this case, Bailey has not proffered any facts nor evidence in support of his claims of newly discovered evidence and actual innocence; thus, his habeas claim is due to be dismissed because it is time-barred.

**III. CONCLUSION**

For the reasons set forth above, it is recommended that this habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Leon Forniss and against Petitioner Paul Eugene Bailey on all claims.

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, Attorney General, State of Alabama, 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **4th** day of **August, 2014.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**